# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3012-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

T.E.,

     Defendant-Appellant.

_____

Submitted May 24, 2022 – Decided July 14, 2022

Before Judges DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 04-09-1073.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Scott A. Cofina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant T.E.[1] appeals from the April 26, 2021 order of the Law Division denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2006, a jury convicted defendant of twenty counts relating to his long-term sexual abuse of his minor step-daughter, K.R. He was convicted of seven counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), ten counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), one count of second-degree aggravated sexual assault, N.J.S.A. 2C:14-2(b), and two counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). The court sentenced defendant to an aggregate sixty-year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judgment of conviction was entered on February 5, 2007.

On direct appeal, we affirmed defendant's conviction, but remanded for resentencing. State v. T.E., No A-3602-06 (App. Div. Jul. 8, 2010). The Supreme Court denied certification. State v. T.E., 204 N.J. 41 (2010).

---

[1] We use initials to protect the identity of the victim of defendant's sexual offenses. R. 1:38-3(c)(12).

On resentencing, the trial court again sentenced defendant to an aggregate sixty-year term of imprisonment, subject to NERA. On appeal of defendant's sentence, we remanded for resentencing before a different judge. State v. T.E., No. A-0078-10 (App. Div. Feb. 8, 2011).

At the second resentencing, the trial court sentenced defendant to an aggregate thirty-seven-year term of imprisonment subject to NERA. We affirmed defendant's third sentence. State v. T.E., No. A-0078-10 (App. Div. Jan. 11, 2012).

Defendant thereafter filed his first petition for PCR. The trial court dismissed that petition after defendant's counsel failed to file a supporting brief.

On April 5, 2013, defendant refiled his first PCR petition, alleging ineffective assistance of trial counsel. He alleged that his trial attorney failed to: (1) adequately prepare an alibi witness; (2) discover a partial alibi witness in a timely fashion; (3) call an expert witness defendant had retained with respect to DNA evidence; (4) call as a witness a neighbor who saw K.R.'s boyfriend at her home when her parents were not there; and (5) object to testimony from Dr. David Hulbert, a gynecologist who examined K.R. and opined that the child had been sexually active and sexually abused. Defendant also alleged that he was denied a fair trial because the trial court judge humiliated and berated his trial

counsel for a lack of preparation and that the State tampered with witnesses by threatening to prosecute K.R.'s mother after the child recanted her allegations against defendant. Finally, defendant alleged his appellate counsel was ineffective because he failed to raise on direct appeal the issues defendant was alleging in his PCR petition.

On June 30, 2014, the trial court issued a written opinion concluding that defendant had not made a prima facie showing of ineffective assistance of counsel warranting an evidentiary hearing. The court also rejected defendant's allegations concerning the trial judge's alleged beratement of trial counsel and the State's tampering with witnesses, given an absence of evidence supporting those allegations. Finally, the court concluded defendant's arguments regarding Dr. Hulbert were barred by Rule 3:22-5 because the propriety of the doctor's testimony was addressed by this court in defendant's direct appeal. The court entered an order dismissing defendant's first PCR petition.

We affirmed. State v. T.E., No. A-0720-14 (App. Div. Feb. 22, 2016). The Supreme Court denied certification. State v. T.E., 229 N.J. 16 (2017).

On July 21, 2017, defendant filed a second PCR petition, which he amended on February 7, 2019 and August 15, 2020. He alleged his trial counsel was ineffective for failing to: (1) object to the rushed nature of the trial; (2)

4

retain an expert in sexual assault; (3) object to jury instructions regarding Dr. Hulbert's testimony; (4) call a defense DNA expert; and (5) call defendant's father as a defense witness. In addition, defendant alleged counsel representing him on his first PCR petition was ineffective for not raising these claims.

On April 26, 2021, the trial court issued a written opinion and order dismissing defendant's second PCR petition. The court concluded the petition was filed beyond the one-year limit established in Rule 3:22-12(a)(2) and that no grounds existed for relaxing the filing deadline. The court also addressed the merits of defendant's claims and concluded his allegations concerned trial strategy were insufficient to establish any alleged shortcoming of trial counsel resulted in his conviction or were points that could have been, or were, raised on direct appeal. Thus, the court concluded, PCR counsel's failure to raise those claims in the first petition did not constitute ineffective assistance.

This appeal followed. Defendant makes the following arguments.

> POINT I
>
> THE DEFENDANT'S SECOND PCR PETITION SHOULD NOT HAVE BEEN TIME-BARRED.
>
> POINT II
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE

CASE OF TRIAL AND FIRST PCR COUNSELS' INEFFECTIVENESS.

II.

We begin with the trial court's legal conclusion, which we review de novo, State v. Harris, 181 N.J. 391, 419 (2004), that defendant's second PCR petition was untimely filed. Rule 3:22-4(b) provides, in relevant part:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1)     it is timely under R. 3:22-12(a)(2); and
>
> (2)     it alleges on its face either:
>
> (A)     that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B)     that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C)     that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

> (A) the date on which the constitutional right asserted was initially recognized . . . ; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

"These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b).

Defendant does not allege he is entitled to relief based on a newly recognized constitutional right. His second petition, therefore, does not fall within subsection (A) of the rule. Nor does defendant allege that his second petition is based on facts he recently discovered. His second petition, therefore, does not fall within subsection (B) of the rule.

Defendant's second petition alleges he was denied the effective assistance of counsel with respect to his first petition. Subsection (C) of the rule requires that a second petition alleging such claims must be filed no more than a year

7

after the date of the denial of the first petition. Defendant's first petition was denied on June 30, 2014. He did not file his second petition until July 21, 2017, more than three years later. As the trial court correctly concluded, defendant's second petition is time barred.

Defendant recognizes that his second petition was untimely filed. Citing State in the Interest of C.K., 233 N.J. 44, 58 (2018), he argues that consideration of his time-barred petition was appropriate because it raises a "constitutional problem . . . of sufficient import to call for relaxation of the rules . . . ." We disagree. The claims raised by defendant are not the equivalent of the "compelling" constitutional challenge to the Megan's Law lifetime registration and notification requirements on juveniles before the Court in C.K. Ibid. Defendant's second PCR petition raises ineffective assistance of counsel claims specific to the arguments raised in his first PCR petition. Defendant's claims are limited to the performance of his PCR counsel and whether he effectively raised claims relating to the performance of defendant's trial counsel. Defendant's second petition raises no compelling constitutional claim of widespread application that would warrant departure from the time limits established in Rules 3:22-4 and 3:22-12.

Having concluded that the trial court correctly determined defendant's second PCR petition was time barred, we need not review the trial court's conclusion that defendant failed to establish a prima facie case of ineffective assistance of counsel on his first PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3012-20